**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

| | |
|---|---|
| **DIANA LYNN HARDIN,**  **Plaintiff,**  V.  **WAL-MART STORES EAST, LP,**  **Defendant.** | **CIVIL ACTION NO. 5:19-421-KKC**  **OPINION AND ORDER** |

*** *** ***

This matter is before the Court on two motions by the plaintiff for leave to amend her complaint (DE 1-3, 5) and on her motion to remand this matter to state court (DE 5).

Plaintiff Diana Lynn Hardin originally filed this action in Mercer Circuit Court. She alleged that she was shopping at a Wal-Mart Supercenter in Harrodsburg, Kentucky when she tripped on a piece of fruit and fell. She alleged that defendant Wal-Mart Stores East, LP owned and operated the premises and that its negligence and carelessness caused her fall.

Wal-Mart asserts that, on September 19, 2019, while this matter was pending in state court, counsel for both parties had a phone conversation in which they discussed Hardin's damages and Wal-Mart's potential removal of the action to state court. (DE 1-1, Oct. 17, 2019 Correspondence.) Hardin also asserts the conversation occurred. (DE 5, Mem. at 4; DED 5-4, Nov. 15, 2019 Correspondence.) She alleges that, in addition to damages and removal, the parties also discussed Wal-Mart's allegation that on the date of the fall, Hardin and her husband attempted to shoplift a marine battery from the store. Wal-Mart

took the position that Hardin was, therefore, a trespasser at the time of the injury, not a business invitee.

Removal of the case at the time of the phone conversation would have been proper under 28 U.S.C. § 1332(a)(1). That statute gives federal courts jurisdiction over civil actions that are between citizens of different states where the "matter in controversy" exceeds $75,000. Hardin does not dispute that she claims damages of more than $75,000. As to the statute's requirement that the dispute be between citizens of different states, the statute requires that there be "complete diversity," meaning that no plaintiff is a citizen of the same state as any defendant. *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010). The parties agree that Hardin is a Kentucky citizen and that Wal-Mart is a citizen of both Arkansas and Delaware.

On September 27, 2019, however, while the action was still pending in state court, Hardin filed a motion to amend her complaint (DE 1-3), seeking to add David Jenkins as a defendant. She alleged that Jenkins was employed by Wal-Mart "as Loss Prevention" at the supercenter.

With the proposed amended complaint, Hardin also sought to add some allegations related to the shoplifting charge. She alleged that, after she fell, she and her husband went through the checkout aisle, but the employee failed to scan the marine battery. Hardin alleged that she and her husband paid what they believed was due and left the store. She alleged that, on November 2, 2018, Jenkins caused a criminal complaint to be filed against her husband for shoplifting the battery. According to the complaint, the state dropped the charge after Hardin's husband paid for the battery.

With her proposed amended complaint, Hardin sought to assert the negligence claim against both Jenkins and Wal-Mart. She also sought to assert a claim of intentional

2

infliction of emotion distress (IIED) against both defendants based upon the defendants' "actions in pursuing a criminal complaint against Plaintiff's husband." (DE 1-3, Complaint ¶ 29.)

While the motion to add Jenkins as a party was pending in state court, Wal-Mart removed the action to this Court asserting that federal jurisdiction exists under 28 U.S.C. § 1332(a)(1). There is no dispute that the case was properly removed.

After removal, Hardin filed a second motion to amend her complaint (DE 5). Hardin states that, with this second motion, she seeks to amend statements contained in the first proposed amended complaint and that she seeks to add claims. In addition to the negligence and IIED claims, the second amended complaint also contains a claim for violation of the Kentucky Consumer Protection Act ("KCPA") and a claim for abuse of process. In addition, Hardin asserts a claim for punitive damages.

Because Hardin no longer seeks to file the first amended complaint, the Court will deny as moot the first motion to amend the complaint.

There is no dispute that Jenkins is a Kentucky citizen. His joinder as a defendant would destroy the Court's diversity jurisdiction. Thus, the Court's decision on the second motion to amend is governed by 28 U.S.C. § 1447(e), which gives district courts discretion to deny a plaintiff's post-removal motion to join a defendant whose joinder would destroy federal subject-matter jurisdiction. *Telecom Decision Makers, Inc. v. Access Integrated Networks, Inc.*, 654 F. App'x 218, 221 (6th Cir. 2016).

"A district court may base its discretionary determination under § 1447(e) on the following factors: (1) the extent to which the proposed amendment's intent was to destroy federal jurisdiction, (2) whether the plaintiff was dilatory in filing the motion to amend, (3) whether the

plaintiff would be significantly injured if the motion to amend were denied, and (4) any other equitable factors." *Id.* (citing *Bailey v. Bayer CropScience, L.P.*, 563 F.3d 302, 309 (8th Cir. 2009); *Mayes v. Rapoport*, 198 F.3d 457, 462–63 (4th Cir. 1999)).

In determining whether Hardin seeks to add Jenkins simply to defeat federal diversity jurisdiction, it is significant that Hardin did not move to add Jenkins until after her counsel learned on September 19, 2019 that Wal-Mart intended to remove the case. Hardin filed her first motion to add Jenkins as a party in state court on September 27, 2019.

There was no reason that Hardin could not have named Jenkins when she first filed her complaint. She filed the original complaint on July 18, 2019. The basis for Hardin's claims against Jenkins is the criminal complaint that Wal-Mart filed against her husband. Hardin asserts that the criminal complaint was served on her husband on January 9, 2019 and that this was when she became aware that the defendants were pursuing criminal charges related to the marine battery. (DE 5, Mem. at 5.) Yet Hardin did not seek to add Jenkins as a party until more than two months after she filed the complaint and only after learning that Wal-Mart intended to remove the action.

Further, Hardin has not shown that she will be significantly injured if the Court does not permit her to add Jenkins as a defendant. In fact, it appears that the proposed claim against Jenkins would be futile.

One problem with sorting out the viability of any claim against Jenkins is that the second amended complaint asserts all claims against "Defendants" generally without identifying them by name. Thus, it is unclear on the face of the complaint whether Hardin seeks to assert all four claims -- negligence, IIED, violation of the KCPA, and abuse of process – against both Jenkins and Wal-Mart.

4

In her motion to file the second amended complaint, Hardin addresses the viability of only the IIED claim against Jenkins. She states her claim against Jenkins is "that his actions several weeks later in pursuing criminal charges amounts to the intentional tort of IIED." (DE 5, Mem. at 11.) She does not address any other claim. In its response, Wal-Mart argues that none of the four claims named in the proposed complaint is viable against Jenkins. Hardin did not file a reply brief. Thus, the Court assumes Hardin either does not seek to assert the negligence, KCPA, or abuse-of-process claims against Jenkins or she concedes that these are not viable.

Hardin's IIED claim against Jenkins is also not viable. She alleges in the proposed second amended complaint that this claim is based on "[t]he Defendants' actions in pursuing a criminal complaint against Plaintiff and her husband." (DE 5-1, 2nd Amd. Comp. ¶ 32.) To the extent that the IIED claim is based on being named in a criminal complaint, she was not named in the complaint. Only her husband was. No criminal complaint was filed against Hardin. The complaint was filed only against her husband. (DE 5-3, Criminal Complaint.)

In her motion to file the second amended complaint, Hardin indicates that this claim is not based on the actual criminal complaint. Instead, it is based on the report filed in support of the criminal complaint, in which Jenkins identifies Hardin as "a person acting in concert" with her husband. (DE 5, Mem. at 7, 13.) This is not the kind of conduct that would support an IIED claim under Kentucky law. "Kentucky still takes a restrictive/limited approach to the tort of outrageous conduct, which covers only outrageous and intolerable conduct." *Marshall v. The Rawlings Co. LLC*, 854 F.3d 368, 385 (6th Cir. 2017) (quoting *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 407 (6th Cir. 1997)).

In order to prove an IIED claim, a plaintiff "must show that the defendant's conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of

decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (citing *Wathen*, 115 F.3d at 407); *see also Brewer v. Hillard*, 15 S.W.3d 1, 6–7 (Ky. Ct. App. 1999). The tort "is intended to redress behavior that is truly outrageous, intolerable and which results in bringing one to his knees." *Osborne v. Payne*, 31 S.W.3d 911, 914 (Ky.2000) (citation omitted).

In her second proposed amended complaint, Hardin does not make any allegations approaching the level of outrageousness necessary to prevail on an IIED claim. *Klotz v. Shular*, No. 3:14-CV-00723-GNS, 2015 WL 4556267, at *4 (W.D. Ky. July 28, 2015); *Sacharnoski v. Capital Consol., Inc.*, 187 F. Supp. 2d 843, 845 (W.D. Ky. 2002) ("[T]he Court holds that the conduct Mr. Sacharnoski complains about does not rise to the level necessary to sustain a claim for intentional infliction of emotional distress."); *McFadden v. Cape Publications, Inc.*, No. 2002-CA-000224-MR, 2003 WL 22061569, at *1 (Ky. Ct. App. Sept. 5, 2003) (holding, "we agree that, even taking the claims in the light most favorable to appellant, he failed to state a claim for intentional infliction of emotional distress.")

Hardin concedes that she and her husband left Wal-Mart with a marine battery that they did not pay for. While she alleges that they did so unintentionally, the battery owner's pursuit of a criminal complaint in such circumstances is not outrageous, atrocious, beyond all possible bounds of decency or utterly intolerable in a civilized society.

As to "other factors bearing on the equities," of the motion to amend, no party has asserted any. The Court does, however, recognize Walmart's interest as a diverse defendant in retaining the federal forum having properly removed this action.

For all these reasons, exercising its discretion pursuant to 28 U.S.C. § 1447(e), the Court hereby ORDERS as follows:

1) Hardin's first motion to amend her complaint (DE 1-3) is DENIED as moot:

2) Hardin's second motion to amend her complaint (DE 5) is DENIED; and

3) Hardin's motion to remand this matter (DE 5) to state court is DENIED.

Dated September 14, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY